Your Honor, I'm going to address two issues here in stating why the United States Tax Court erred. The first issue I want to address is the 267 related party issue where the government is alleging that the section does not apply to an abandonment. The section reads very clearly that if we have a sale or exchange between a related party, a loss is disallowed. It says nothing about an abandonment. This issue wasn't raised in the court. Why isn't it a sale between related parties? It's a deed from one brother to the other and it says in the deed that it's for consideration. Well, the deed, Your Honor, if I may, indicated there's no value to the property. The facts in the case, the court found it, the court didn't dispute it. But it says it's for consideration. Most deeds do, Your Honor. Exactly. Unless it's a gift deed. Right. In fact, you can have a transfer of property to a living trust. A sale would be for one peppercorn. Well, that's true, but I can transfer property to a living trust. The deed will say for valuable consideration, but the no value statement, that's not a sale or gift, it's just a transfer to my living trust. It's not an abandonment at that point because you're directing where the property is to go. An abandonment is you don't care who gets the property, it's just out there in the atmosphere for whoever wants it. Well, let me first, I understand, Your Honor. The first issue is if 267 relating to related parties, I'm submitting that that does not apply if there's an abandonment. Number two, the question is, can you have an abandonment that involves two parties? I really have trouble with the idea of an abandonment where there's a deed from one person to another. Well, how about in a partnership, Your Honor? If one partner says, I don't want this interest anymore, I've got all kinds of problems, I'm going to walk away from it. That's a two-party transaction. There's been a, I think. A two-party transaction. What does the other party do? The other partner takes over his interest. I think I cited the Eccles case in there. I mean, and it can be in a, you can, even the California Supreme Court indicated possibly in a tenancy in common, didn't answer the question, but possibly a tenancy in common situation, analogizing it to a partnership, you might have an ability to abandon your interest. So what I'm saying is, in the absence of some kind of consideration, going to another party, the mere fact you're given the deed should not distract from the fact that it can be an abandonment. A real property, unlike chattels, you can't hold it in abeyance. Counsel, the Eccles case, you cited, you said that it advanced an abandonment involving two parties. Wasn't that case determining whether or not the partnership in total had abandoned the property? I think what happened in that case, Your Honor, the lower court misconstrued the case and said it was looking at the partnership level. And when the case was reversed, and I stand to be corrected, when the case was reversed, the court said that there, indicated there can be an abandonment by one partner to the partnership. The lower court talked about the possibility of abandonment, that was the tax court, talked about a possibility of abandonment by the partnership, but this really involved an abandonment by a partner himself. Although he did say, I don't want this interest, anyone can take it. He mentioned a particular partner, mentioned a partner's name, and that was the, so I'm saying. I can see both a distinction and an analogy with these partnership abandonments. Let me lay it out and you can speak to it. Often there are continuing obligations on the partners. There are assessments against the partners. And one partner just keeps not sending in his check when they make an assessment. So the other partners take the position that he's abandoned his interest. Sometimes they have to file something in court to establish that. Sometimes he files, he gives them some paper conceding it. The analogy, the distinction with property is that here there was simply a deed. The analogy would be when property really is abandoned, and usually it's for unpaid taxes, and then the government quiets title to it or forecloses on it, depending on what the local procedures are. This one, it doesn't seem like either kind of abandonment, the partnership abandonment or the walking away from the property and having it taken for taxes abandonment. It just looks like a deed. Well, let me address that, Your Honor. In this case, number one, the taxpayer, Mr. Zacoplos, was not relieved of any liabilities. He didn't owe any money. There was no debt on the property. So when he gave it, his fear was he had fears of his health. He had, whether they're fictitious or real fears, he wanted to get rid of the property. Unlike a chattel, how are you going to get rid of real property? And this was another tenant in common, looked like a partnership. He says he gave it to the only other tenant in common. Unfortunately, it was his brother. If it wasn't his brother, we might probably wouldn't have had this battle in lower court. So that's, I think, in the partnership situation, Your Honor, if a partner has liabilities he's been relieved of, then you've got some consideration flowing. I know how to get rid of property without feeding it. Don't pay the taxes. Well, that's one way, yes. But you're, but then if you've got a, if you've got a tenancy in common or partnership situation, you're not going to walk, I mean, you're generally not going to walk away the property. You're not going to, if you don't receive something in return, what is it? If you don't have a gift, if you don't have a sale, what do you have? Counsel, in the Echols case, at the partnership meeting, the taxpayers said that they tendered their interest to Smith, who was one of the other partners, or anyone else who would step forward and assume the obligation. That's correct, Your Honor. And so isn't that a little different than directing a deed to an individual person? Well, in that case, he specifically mentioned Smith, but still he knew who the partners were. Or anyone else who would assume the obligation. That's the point of, I agree with you, Your Honor. That's somewhat different. But I'm saying it should make a difference. If you don't have a gift, if you don't have a sale, if no consideration flows to the taxpayer, like in this case, the tax court made no findings. Is the decision that something has been abandoned a finding of fact? I think, in this case, yes, I think it is, Your Honor, because a judge has to make, the trial of the fact has to make a decision, do we have a gift, do we have a sale, do we have abandonment? The judge in this case says, the lower court says, this is a deed to a particular person, it's a two-party transaction, therefore, it's non-abandonment.  Well, in this case, it's not an abandonment. Question of law or fact? I think of the legal decision the judge made. I think he made a factual finding there. Made a factual finding that there was no abandonment? Yes, Your Honor, because it was given to a particular person. So we review that for abuse of discretion? I think it's a de novo review, Your Honor. I thought it was a clearly erroneous review for a fact finding. I don't think it's a fact finding, Your Honor. If the lower court said, you don't have an abandonment, that's a legal conclusion he came to. That's why we were asking, was it a finding of fact or was it a legal conclusion? Sorry, that's a legal conclusion, in my opinion, Your Honor. So the finding that there was an abandonment was a legal conclusion? Right, I think it was an erroneous conclusion of law by the lower court. Any other questions, Your Honor?  Good morning, Your Honors, and may it please the Court. The issue in this case is whether the taxpayer has transferred property to his brother by deed is an abandonment, and it's our contention that it's not an abandonment for two reasons. The first reason is that the taxpayer intended that his brother have the property and it has been noted, deeded the property to his brother. You can't abandon property to someone. An abandonment occurs when you relinquish property to the world generally. That's what the ordinary meaning of an abandonment is. If you actually designate who gets it and give it to someone, then you're talking gift or sale or exchange or something other than having... How do you abandon real property if it's, let's say, a tenancy in common or something like that? Just simply leave the country and... You can send the county a notice saying, I'm having nothing further to do with this property, you won't be paying your taxes, eventually you'll be foreclosed on and you will have abandoned it. There are some kinds of property that I... I'm familiar with abandonment procedures like homesteads that haven't been patented yet, mining claims that haven't been patented yet. If you don't do the annual work required, you abandon it. Some homesteads, this doesn't happen anymore, of course, but they get claimed and abandoned several times before somebody proves up. I would imagine, but I don't know, that some states have abandonment statutes so that you can file something in the recorder's office to abandon. Did you research whether the state involved in this case has such a statute? I don't know the answer to that question, but the... I suppose if there were such a statute, then complying with it could be regarded as an act of abandonment. So the answer is you did not research the state law in this case to see if they had such a statute? For two reasons. Well, the answer is, that's correct, I didn't research it. Second, federal tax... Rights and obligations generally are derived from state law, but what is an abandonment is a question of federal law, ultimately. It may very well be that compliance with a state abandonment statute would be a sufficient affirmative act to constitute an abandonment, but the question ultimately is one of federal law and not of state law. We are dealing here with a federal statute, except some circumstances where Congress incorporates state law, then state law, of course, is governing, but that's not the situation here. And so the role of state law ultimately helps define what the taxpayer's rights are, but it doesn't tell you what the federal tax consequence is. It doesn't tell you what an abandonment is for federal tax purposes. The second reason why the transfer by deed was not an abandonment is that the taxpayer received consideration for it. And the deed, I think, has been noted, said that the transfer was for valuable consideration. The consideration, as we read the record, took two forms, and it's based on the testimony of taxpayer and taxpayer's brother, who both said that as a result of this transfer, the taxpayer was to have no responsibilities under any future lawsuits to anybody, to neighbors, to partners, to anybody. And that is a sort of hold harmless promise or indemnification promise or however you want to describe it. If you've received something, not only have you designated who got it, which prevents it from being an abandonment, you got something in return. You got relief from any potential future liabilities. And it doesn't matter whether the future liability is fixed or potential. You can think in terms, one wouldn't say, for example, that auto insurance has no value unless you're sure you're going to have an accident. The point is you got some relief from potential future liabilities. That's consideration. And if you transfer property to someone and you get something in return, that makes it a sale. The second consideration, as we read the record, the taxpayer owed his brother money for having paid property taxes and various expenses related to the property. And when the taxpayer says he's relieved of liability to anybody in any future lawsuit, we assume that means his brother. Literally, it means his brother. But whether or not that specific liability was included, from our point of view, it really isn't the point. The point is he got something. He got relief from potential liabilities. And that's consideration. That makes it a sale. With respect to Echols, the partner in the Echols case tried to give his interest away but was unsuccessful. If he had given it away, it would have been a gift. Or if he got something in return, a sale. Or if he was relieved from liabilities, a sale. He tried to, but nobody took it. So he walked away from it. He walked away from it, and therefore that was an abandonment. Those are the principal points that I had hoped to make. I'd be happy to answer any questions, but I have nothing further. Thank you. No questions. Thank you, counsel. Thank you, counsel. And it's a Kaplos v. Commissioner is submitted.
judges: Canby, Kleinfeld, Rawlinson